**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAN 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINA YING; et al.,

              Petitioners,

  v.

JAMES R. MCHENRY III, Acting Attorney General,

              Respondent.

No. 23-423

Agency Nos.
A206-546-795
A206-546-796
A206-546-797

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2025[**]

Before:    CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Lina Ying, Zhiping Huang, and Ying's child, natives and citizens of China, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum and Ying's applications for withholding of removal and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination for Ying based on inconsistencies between her testimony and asylum interviews regarding where she was located when taken for an abortion and how she subsequently returned home, an inconsistency between Ying's asylum interview and Huang's testimony as to how Huang learned of the abortion, and Ying's demeanor.  *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020) (sufficient indicia of reliability permitted consideration of interview where conducted under oath, with contemporaneous notes containing questions asked, and transcribed with aid of interpreter); *Manes v. Sessions*, 875 F.3d 1261, 1263-64 (9th Cir. 2017) (agency's demeanor finding supported where IJ provided "specific, first-hand observations," and inconsistency between applicant's testimony and documentary evidence undermined credibility).  Substantial evidence also supports the agency's adverse credibility determination for Huang based on an inconsistency between Ying's asylum interview and Huang's testimony as to how

Huang learned of the abortion, and Huang's demeanor. *Shrestha*, 590 F.3d at 1048; *Mukulumbutu*, 977 F.3d at 926; *Manes*, 875 F.3d at 1263-64. Petitioners' explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, petitioners' asylum claims and Ying's withholding of removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not address petitioners' contentions as to the merits of their asylum claims and Ying's withholding of removal claim because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Substantial evidence also supports the agency's denial of Ying's CAT claim because it was based on the same testimony the agency found not credible, and Ying does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Farah*, 348 F.3d at 1157.

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**